# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JARED JOHNSON, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-6389**

**ALLIED TRUST INSURANCE**                                          **SECTION "O"**
**COMPANY, ET AL.**

## ORDER

Before the Court is the Federal Rule of Civil Procedure 12(b)(6) motion[1] by Defendant American Bankers Insurance Company of Florida ("American Bankers") to dismiss the breach-of-insurance-contract claims and the statutory bad-faith claims by Plaintiffs Jason and Trina Johnson. Plaintiffs' claims arise from damages their property allegedly sustained during Hurricane Ida.[2] American Bankers is a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA").[3] American Bankers issued a Standard Flood Insurance Policy ("SFIP"), bearing policy number 1961526515 (the "Policy"), to Plaintiffs for their property located at 45 Derek Lane in LaPlace, Louisiana.[4] After Hurricane Ida, Plaintiffs filed a claim with American Bankers.[5] On February 9, 2022, American Bankers issued a written partial denial of Plaintiffs' claim.[6] Over a year later, on August 22, 2023, Plaintiffs filed this lawsuit against American Bankers in the 40th Judicial District Court of St. John the

---

[1] ECF No. 7.
[2] ECF No. 1.
[3] ECF No. 1 at 1, 3 ¶¶ 6–10.
[4] ECF No. 1-2 at 4 ¶ 6.
[5] *Id.* ¶ 12.
[6] ECF No. 7-1 at 9.

Baptist Parish.[7] American Bankers subsequently removed this case to this Court on October 19, 2023.[8]

American Bankers argues that Plaintiffs' claims should now be dismissed because (1) Plaintiffs' breach of breach-of-insurance-contract claim is time-barred and (2) Plaintiffs' bad faith claims are barred by federal statutory, regulatory, and common law.[9] American Bankers' motion to dismiss was noticed for submission on January 10, 2024;[10] Plaintiffs' response was thus due on January 2, 2024. *See* LOCAL CIVIL RULE 7.5.

During a status conference with Magistrate Judge Currault, Plaintiffs indicated that they did not file any opposition to American Bankers' motion because they found the motion to be well-founded.[11] The Court thus instructed Plaintiffs to file a short response indicting their agreement with American Bankers' motion.[12] Plaintiffs subsequently filed their response, reiterating that they did not file any opposition to American Bankers' motion because it was "well-founded."[13] Plaintiffs also stated that they are "in agreement with the dismissal of American Bankers Insurance Company of Florida from this matter."[14]

---

[7] ECF No. 1-2 at 3. NFIA provides that a claimant on a policy issued under the Act may "institute an action" to dispute a disallowance of a claim only "within one year after the date of mailing of notice of disallowance or partial disallowance by the" WYO insurer. 42 U.S.C. § 4072. *See Bateman v. Am. Bankers Ins. Co. of Fla.*, No. CV 23-6338, 2024 WL 894790, at \*2 (E.D. La. Mar. 1, 2024) (granting Defendant's motion to dismiss and finding Plaintiff's claims were both time-barred under the NFIA and preempted by federal law).

[8] ECF No. 1.

[9] American Bankers also asserts that Plaintiffs' claim for interest is barred by the no-interest rule in *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1312 (11th Cir. 2001). ECF No. 7-1 at 12.

[10] ECF No. 7-6.

[11] ECF No. 12.

[12] *Id.*

[13] ECF No. 13.

[14] *Id.*

Accordingly,

**IT IS ORDERED** that Defendant American Bankers motion[15] to dismiss is

**GRANTED**. Plaintiffs' claims against Defendant American Bankers are

**DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 25th day of September, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[15] ECF No. 7.